# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                          Case No. 03-C-1456

GORDON G. SPAULDING, et al,

        Defendants.

## ORDER

      The United States commenced this civil action pursuant to its authority under Title 26, U.S. Code §§ 7401 and 7403, to reduce outstanding federal tax assessments against defendants Gordon G. Spaulding and Donna M. Spaulding to judgment and to foreclose federal tax liens against certain real property owned by the Spauldings. The parties have previously stipulated to the United State's foreclosure of federal tax liens against their homestead and 37.47 acres of unimproved land in Outagamie County, Wisconsin (the hunting property). They have also reached an agreement concerning the disposition of the hunting property. The sole issue that remains in dispute concerns the sale of the homestead property. The Government seeks the appointment of a receiver to sell the homestead property, whereas the Spauldings oppose that request. The Spauldings request that their homestead be sold by public auction.

      The Government's argument for the appointment of a receiver to sell the Spaulding's homestead is in reality a request that a local real estate agent be retained to arrange a sale. The Government argues that sale by this method will result in a higher return than a public auction. A

receiver, the Government notes, is motivated to obtain the highest sale price for the property because his or her commission is a percentage of the sale price. In contrast, an auction is a distress sale–one that invariably results in a lower sale price because it inherently attracts buyers interested in purchasing property at bargain basement prices. Auctions, the Government notes, generally do not permit an inspection on the inside of the property prior to the sale. In other words, the sale is highly speculative since it requires a decision to purchase a home without carefully inspecting it.

The Government further relies on its general experience across the country that selling property through real estate agents generally brings a significantly greater return than selling by public auction. Although no statistical evidence was presented, counsel for the government recounted this experience in her oral argument to the court.

In opposing the Government's motion, the Spauldings argue that there is no evidence that sale through a real estate agent will result in a higher return. They note that real estate agents generally charge commissions of approximately 6% and can be motivated to simply close the sale rather than to work for an incrementally increased price. They also argue that sale through a real estate agent will not allow them to exercise their right of redemption, which they claim exists under Wisconsin law.

I am satisfied that this court has discretion to order the sale of the homestead through a receiver, and in particular a real estate agent. The Spauldings argument to the contrary is based upon their understanding of Wisconsin law which specifically allows for a right of redemption in a sale of homestead property. *See* Wis. Stat. § 846.13. But this a lien foreclosure suit brought under 26 U.S.C. § 7403. There is no right of redemption by the taxpayer under this section. Thus, the

2

appointment of a receiver will not deprive the taxpayers of any rights that they would otherwise have under federal law. *See generally, United States v. Rodgers*, 461 U.S. 677 (1982).

In support of their argument to the contrary, the Spauldings cite *C.V.W., Ltd. v. Stress*, 602 N.W.2d 162 (Wis. App. 1999). *C.V.W.*, however, dealt with a public sale after seizure by IRS levy. A levy is authorized by § 6331, IRC, and is an administrative collection tool by means of which the IRS may collect federal tax without judicial intervention. Property seized by levy must be sold in public auction, 26 U.S.C. § 6335(e)(2)(A), and a right of redemption for real estate is specifically allowed, 26 U.S.C. § 6337(b). Here, however, the Government instituted an action to foreclosure on federal tax liens pursuant to §§ 7402 and 7403. It is the procedure authorized under these sections that therefore governs. And, as noted by the Government, § 7403(d) specifically authorizes the court to appoint a receiver to enforce a lien.

In light of the foregoing, I conclude that the court does have authority to appoint a real estate agent as a receiver to arrange the sale of the property in questions. I also agree with the Government that sale through a real estate agent is likely to result in a higher purchase price of the property than public auction. Even considering the commission that use of a real estate agent will require, I am satisfied that the resources available to a local real estate agent, as well as the additional incentive the agent would have to obtain the highest possible price, justifies the appointment of a receiver in this case.

Accordingly, the Government's motion for an appointment of receiver is granted. The Government shall, within the next 30 days, propose a receiver as well as the terms upon which the sale should occur, including the commission and listing price. The Spauldings will have 10 days

3

to object to the proposed agent and terms.  In the event they do not object, the court will appoint the receiver on the terms proposed.

**SO ORDERED**.

Dated this _1st_ day of June, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge